UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS W. SOMERVILLE,<br><br>                  Petitioner,<br><br>    v.<br><br>WARDEN MARTINEZ, *et al.*<br><br>                  Respondents. | Case No.  C06-5363 RJB/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for: **August 11, 2006** |

       This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the Florence Correctional Center, located at Florence, Arizona (CCA-FCC). He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. # 1). Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

## DISCUSSION

       The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

1    Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a
2  prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586
3  F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v.
4  Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973),
5  *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

6    By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur
7  the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for
8  *habeas corpus*.  Petitioner has submitted an affidavit reflecting that he earns net wages of $58.00 per
9  month at CCA-FCC and currently has the sum of $102.50 in an account to his credit at CCA-FCC.  While
10 the undersigned recognizes that the funds to which petitioner has access may not be great, given the fact
11 that a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to
12 proceed with this action ($5.00), it is not unreasonable to expect petitioner to pay that fee from those
13 funds.

## CONCLUSION

15    Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the
16 undersigned recommends that the court deny his application to proceed *in forma pauperis*.  Accordingly,
17 the undersigned also recommends that the Court order petitioner to pay the required filing fee **within
18 thirty (30) days** of the court's order.

19    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
20 the parties shall have ten (10) days from service of this Report and Recommendation to file written
21 objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those
22 objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit
23 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 11,
24 2006**, as noted in the caption.

25    Dated this <u>18th</u> day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2