1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS W. SOMERVILLE,

               Petitioner,

     v.

WARDEN MARTINEZ, *et al.*,

            Respondents.

Case No.  C06-5363RJB/KLS

ORDER ADOPTING REPORT
AND RECOMMENDATION

     This matter comes before the Court on the Report and Recommendation of Magistrate Judge Strombom (Dkt. 29). The Court has considered the Report and Recommendation, the petitioner's objections (Dkt. 30), and the remainder of the file herein.

## I. BACKGROUND

     Petitioner Dennis W. Somerville is confined pursuant to his conviction following a jury verdict for the crime of Rape in the First Degree, on August 8, 2002. The Report and Recommendation recommends that the petition be denied on the following grounds: (1) Mr. Somerville failed to exhaust his first, third, and fourth habeas claims because he failed to present such claims as federal constitutional violations in the Washington Supreme Court; (2) Mr. Somerville's unexhausted claims are procedurally barred, and there is no demonstration of "cause" or "actual prejudice" justifying review; (3) Mr. Somerville had an opportunity to litigate

1    claims underlying his sixth ground for relief in state court; (4) Mr. Somerville's second, fifth, and

2    seventh grounds for relief are without merit because he admits the issue of identity; and (5) Mr.

3    Somerville's eighth, ninth, and tenth grounds for relief should be denied because trial counsel did

4    not provide ineffective assistance of counsel. Dkt. 29.

5         Mr. Somerville objects as follows: (1) an evidentiary hearing is warranted; (2) Mr.

6    Somerville should be appointed counsel; (3) his fourth claim for relief is exhausted; (4) his sixth

7    claim for relief has merit; (4) his second, fifth, and seventh claims for relief have merit; (5) failure

8    to cross examine witnesses' conflicting statements constitutes ineffective assistance of counsel;

9    (6) conceding guilt in the opening statement constitutes ineffective assistance of counsel; and (7)

10   not allowing the petitioner to testify after the defense rested its case constitutes ineffective

11   assistance of counsel.

12                                    **II. DISCUSSION**

13   **A. EVIDENTIARY HEARING**

14        The Report and Recommendation concludes that an evidentiary hearing is not required in

15   this case because the petitioner's issues may be resolved solely by reference to the state court

16   record and because there is no indication that an evidentiary hearing would shed new light on the

17   petitioner's grounds for relief. Dkt. 29 at 11. In the objections, the petitioner again requests an

18   evidentiary hearing to ask his trial attorney about the attorney's actions and decisions at trial. The

19   Court can resolve the petitioner's ineffective assistance of counsel claims without such testimony,

20   and the petitioner fails to identify any other way in which the state court record is insufficient. *See*

21   *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be

22   resolved with reference to the state court record, an evidentiary hearing becomes nothing more

23   than a futile exercise.").

24        The Court notes the absence of a transcript of the opening statement. As explained in

25   more detail below, the Court is able to resolve claims relating to this portion of the trial by

26   assuming the petitioner's account of the opening statement as true. The Court therefore adopts

27

28

the Report and Recommendation's determination that an evidentiary hearing is not warranted in this case.

**B. APPOINTMENT OF COUNSEL**

In his objections, the petitioner seeks appointment of counsel. This request is not presented as a motion but will be considered in the interest of fairness to the petitioner.

There is no right to have counsel appointed in cases brought under §2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). In determining whether to exercise its discretion to appoint counsel, the Court must consider the petitioner's likelihood of success on the merits as well as the petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Mr. Somerville has demonstrated a reasonable ability to articulate his claims on a *pro se* basis. In addition, the likelihood of success on the merits is low because Mr. Somerville failed to exhaust several of his claims and admits the issue of identity. The Court therefore declines to appoint counsel to represent the petitioner.

**C. EXHAUSTION OF FOURTH GROUND FOR RELIEF**

In his objections, Mr. Somerville concedes that his first and third grounds for relief are unexhausted but maintains that his fourth ground for relief is exhausted because he cited federal case law in his state court filings. Dkt. 30 at 2 ("My first claim . . . was litigated by my court appointed attorney on Direct appeal who <u>failed</u> to use federal case law and constitutional violations in order to properly exhaust . . . ."); Dkt. 30 at 4 ("My third claim . . . may not truely [sic] be exhausted . . . ."); Dkt. 30 at 4 ("My Fourth claim . . . should be exhausted because I do use Federal case law in my State court petitions . . . ."). The Report and Recommendation deems this claim unexhausted because while Mr. Somerville cited a case from the Seventh Circuit to support the claim in his Motion for Discretionary Review, he did not designate the claim as a

1  constitutional violation. Dkt. 29 at 13. The Court reviewed the Petition and the Motion and found
2  no presentation of the petitioner's chain of custody argument as a constitutional issue. *See* Dkt.
3  23, Exh. 18 at 3, 6. The Report and Recommendation should be adopted as to Mr. Somerville's
4  failure to exhaust his first, third, and fourth habeas claims.

5  **D. SIXTH GROUND FOR RELIEF**

6        The Report and Recommendation urges the Court to dismiss Mr. Somerville's sixth
7  ground for relief, illegal search and seizure, because Mr. Somerville was not denied a full and fair
8  opportunity to raise this issue in state court. Dkt. 29 at 16-17. In his objections, Mr. Somerville
9  briefly addresses the merits of his Fourth Amendment claim but does not contend that he was
10 denied an opportunity to litigate this issue in state court. *See* Dkt. 30 at 5. The Report and
11 Recommendation should be adopted in this regard.

12 **E. SECOND, FIFTH, AND SEVENTH GROUNDS FOR RELIEF**

13        The Report and Recommendation concludes that Mr. Somerville cannot demonstrate that
14 the allegedly improper courtroom identification, failure to preserve evidence from the crime scene,
15 or failure to motion the state for DNA expert witnesses caused him any prejudice because Mr.
16 Somerville admitted to engaging in oral sex with the victim and contested only whether the sex
17 was consensual. Dkt. 29 at 19, 22. In his objections, Mr. Somerville contends that the outcome
18 may have been different if not for constitutional violations. Dkt. 30 at 5. Mr. Somerville fails to
19 explain this argument in light of his concession with regard to the identity of the perpetrator. *See*
20 *id.* at 5-6. The Court should therefore adopt the Report and Recommendation with regard to the
21 petitioner's second, fifth, and seventh grounds for relief.

22 **F. EIGHTH GROUND FOR RELIEF**

23        The Report and Recommendation concludes that Mr. Somerville cannot demonstrate that
24 failure to cross examine two witnesses regarding alleged inconsistencies in their testimony
25 constituted ineffective assistance of counsel. Dkt. 29 at 25. As the Washington Court of Appeals
26 noted, while the words chosen by the two witnesses differed, the brunt of the testimony, that the

27

28

ORDER
Page 4

1    sex was not consensual, was consistent. *Id.* at 24-25. The Court agrees that the petitioner fails to

2    demonstrate that the attorney's failure to cross examine the witnesses on this issue rises to the

3    level of ineffective assistance. The Court should adopt the Report and Recommendation with

4    regard to Mr. Somerville's eighth ground for relief.

5    **G. NINTH GROUND FOR RELIEF**

6        The Report and Recommendation urges denial of Mr. Somerville's ninth ground for relief.

7    Dkt. 27. Mr. Somerville contends that his attorney conceded guilt in the opening statement,

8    constituting ineffective assistance of counsel. Dkt. 30 at 7. The Washington Court of Appeals

9    noted that there was no transcript of the opening statement but concluded that even if the attorney

10   conceded guilt on the issue of rape, such a statement could be upheld as a reasonable trial tactic in

11   light of the strong evidence that Mr. Somerville committed rape and the less compelling evidence

12   of whether he was armed. Dkt. 29 at 26. While the lack of a transcript of the opening statement is

13   troubling, the Court notes that Mr. Somerville contends that the attorney conceded guilt only as

14   to the rape and not as to the use of a weapon. *See* Dkt. 23, Exh. 11 (Petition for Review) at 11;

15   Dkt. 30 at 7. The Report and Recommendation properly concludes that Mr. Somerville fails to

16   demonstrate that such a concession of guilt in the opening statement, assuming it occurred,

17   constitutes ineffective assistance of counsel.

18   **H. TENTH GROUND FOR RELIEF**

19       The Washington Court of Appeals did not reach the merits of Mr. Somerville's claim that

20   he was denied effective assistance of counsel by his attorney's refusal to tell the judge that he had

21   decided to testify after the defense rested its case because there was no evidence that Mr.

22   Somerville had requested to testify. Dkt. 29 at 28. The Report and Recommendation concludes

23   that this decision is not unreasonable or contrary to established federal law because there is

24   nothing in the record to support this claim. *Id.*

25       Mr. Somerville's petition is signed under penalty of perjury and states that Mr. Somerville

26   asked to take the stand and testify after the defense rested. Dkt. 16 at 24. Mr. Somerville

27   concedes that before the defense rested, he was fully aware of his right to testify and freely

28

declined to do so. Dkt. 30 at 7. Mr. Somerville fails to establish that declining to ask the judge to reopen the defense's case to allow Mr. Somerville to testify constitutes ineffective assistance of counsel.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Report and Recommendation is adopted.

The Clerk is directed to send copies of this Order to plaintiffs, counsel for any defendants who have appeared, and to the Hon. Karen L. Strombom.

DATED this 19th day of March, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page 6