UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS W. SOMERVILLE,

Petitioner,

v.

WARDEN MARTINEZ, *et al.*,

Respondents.

Case No. C06-5363RJB/KLS

ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the petitioner's Motion for Certificate of Appealability (Dkt. 34). The Court has considered the motion, the response, and the remainder of the file herein.

## I. BACKGROUND

Petitioner Dennis W. Somerville is confined pursuant to his conviction following a jury verdict for the crime of Rape in the First Degree on August 8, 2002. On March 19, 2007, the Court adopted the Report and Recommendation and denied the petition. Dkt. 31. Mr. Somerville now seeks a Certificate of Appealability. Dkt. 34. The defendants have opposed the motion, and the petitioner has not replied. *See* Dkt. 36.

## II. DISCUSSION

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on its merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment debatable or wrong. *Id.* When the court denies a claim on procedural grounds, the petitioner must show, at least, that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.*

### A. EXHAUSTED CLAIMS

The Court held that the petitioner's first, third, and fourth habeas claims were unexhausted. Mr. Somerville conceded that his first and third claims were unexhausted, and the petitioner should not be afforded an opportunity to appeal those claims. *See* Dkt. 30 at 2, 4.

The Court held that the petitioner's fourth claim was unexhausted after having "reviewed the Petition and the Motion and f[inding] no presentation of the petitioner's chain of custody argument as a constitutional issue." Dkt. 31 at 4. The motion does not address this finding and merely reiterates the petitioner's position as to the merits of this claim. A Certificate of Appealability is not warranted as to the petitioner's first, third, and fourth habeas claims.

### B. SIXTH GROUND FOR RELIEF

The Court held that Mr. Somerville was afforded an opportunity to litigate his sixth ground for relief in state court. Dkt. 31 at 4. The motion does not contest whether Mr. Somerville was afforded such an opportunity, and the motion should be denied as to the petitioner's sixth claim.

### C. SECOND, FIFTH, AND SEVENTH GROUNDS FOR RELIEF

The Court held that Mr. Somerville could not demonstrate a constitutional violation with respect to his second, fifth, and seventh grounds for relief in light of his concession with regard to his identity as the perpetrator. Dkt. 31 at 4. The motion does not contest the impact of Mr.

Somerville's concession as to the issue of identity, and the motion should be denied as to these claims.

### D. EIGHTH GROUND FOR RELIEF

The Court held that the failure to cross examine two witnesses regarding alleged inconsistencies in their testimony did not constitute ineffective assistance of counsel because the brunt of the testimony was consistent. Dkt. 31 at 4-5. In seeking a Certificate of Appealability, the petitioner offers only a conclusory allegation that the testimony "had differences and conflict[s]." Dkt. 34 at 6. The petitioner fails to demonstrate that reasonable jurists could debate whether, or agree that, this aspect of the petition should have been decided differently.

### E. NINTH GROUND FOR RELIEF

With respect to Mr. Somerville's ninth ground for relief, the Court held that Mr. Somerville failed to demonstrate that conceding Mr. Somerville's guilt as to the rape, but not as to the use of a weapon, constitutes ineffective assistance of counsel. Dkt. 31 at 5. The state court determined that the concession could be upheld as a reasonable trial tactic in light of the strong evidence that Mr. Somerville committed rape and the less compelling evidence as to whether he was armed. The motion fails to offer evidence or argument refuting the Court's determination that the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law. The motion should be denied in this respect.

### F. TENTH GROUND FOR RELIEF

The Court held that Mr. Somerville failed to establish that declining to ask the judge to reopen the defense's case to allow Mr. Somerville to testify after defense rested its case constitutes ineffective assistance of counsel. Dkt. 31 at 6. Mr. Somerville does not demonstrate that reasonable jurists could debate whether, or agree that, this portion of the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the petitioner's Motion for Certificate of Appealability (Dkt. 34) is

**DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of May, 2007.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge